IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KRISTIE FARROW, #168452                                                                        PLAINTIFF

v.                                                                          CIVIL NO. 3:25-cv-46-HTW-LGI

SUPERINTENDENT TEREDA HAIRSTON, ET AL.                                     DEFENDANTS

ORDER

This closed case is before the Court on pro se Plaintiff Kristie Farrow's ("Plaintiff") Letter filed as a Motion for Reconsideration and to Reopen [14] which this Court construes as a Motion to Alter or Amend a Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff moves the Court to reconsider the Order of Dismissal [10] and Final Judgment [11] dismissing, without prejudice, her civil rights complaint filed under 42 U.S.C. § 1983. For the following reasons, Plaintiff's Motion is denied.

I.      Background

On January 21, 2025, Plaintiff, a post-conviction inmate of the Mississippi Department of Corrections, filed this Complaint under 42 U.S.C. § 1983. Plaintiff failed to pay the filing fee or move for leave to proceed *in forma pauperis* ("IFP"). On the same day Plaintiff filed this civil action, the Clerk of Court sent Plaintiff a Notice of Assignment [1-2] informing Plaintiff that it is her responsibility to keep the Court informed of her current address and explaining in detail how to file a change of address with the Court. The Notice [1-2] also warned Plaintiff that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

The IFP statute requires a prisoner seeking leave to proceed without prepayment of the filing fee to "submit a certified copy of the trust fund account statement (or institutional

equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915 (a)(2). This Court's standard IFP application includes a "Certificate" for completion by the authorized officer of inmate accounts at the jail or prison facility that an inmate may submit as the institutional equivalent of his trust fund account statement.

Because Plaintiff failed to pay the filing fee or file a motion for leave to proceed IFP, the Court entered an Order [7] directing Plaintiff, on or before April 25, 2025, to pay the required filing fee or file a completed *in forma pauperis* application "including the section entitled 'Certificate to be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court." Order [7] at 1.

When Plaintiff failed to comply, the Magistrate Judge entered an Order to Show Cause [8] which directed that, on or before May 23, 2025, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order; and (2) comply with the Court's previous Order by paying the required fees or by filing a completed IFP application. Order [8] at 1–2. The Order to Show Cause warned Plaintiff that **"her failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."** *Id*. at 2 (emphasis in original). Plaintiff did not comply or otherwise respond.

Since Plaintiff is proceeding pro se, the Court provided her with one final opportunity to comply with the Court's Orders. On June 6, 2025, the Magistrate Judge entered a Final Order to Show Cause [9] which directed that, on or before June 16, Plaintiff shall file a written response,

2

showing cause why this case should not be dismissed for her failure to comply with two court orders; and (2) comply with the Court's previous Orders by paying the required fees or by filing a completed IFP application. Order [9] at 1–2. The Final Order to Show Cause also warned Plaintiff that **"her failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff."** *Id.* at 2 (emphasis in original). Plaintiff failed to respond or file a completed IFP application or pay the filing fee.

On June 30, 2025, the Court entered an Order of Dismissal [10] finding Plaintiff's failure to comply with three Court Orders after being warned that failing to do so would result in the dismissal of her lawsuit to be a clear record of delay. The Court further noted that the use of lesser sanctions than dismissal in the form of numerous warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." Order [10] at 4. The Court concluded that dismissal for Plaintiff's failure to obey the Court's Orders and to prosecute was warranted under Rule 41(b) of the Federal Rules of Civil Procedure. On the same day, the Court entered a Final Judgment [11] dismissing this civil action, without prejudice.

In her Motion [14], dated July 15, 2025, Plaintiff states that she was moved from the Central Mississippi Correctional Facility ("CMCF") to the Delta Correctional Facility ("DCF") approximately 2 to 2.5 months ago. Plaintiff states that her mail was forwarded from CMCF to her at DCF which caused a delay in her receipt of the Court's Orders. Attached to her Motion [14], is a copy of the Court's June 30 Order of Dismissal and Final Judgment.[1] Plaintiff asks the Court "for a reconsideration to reopen my case due to me not receiving my mail in a timely manner." Mot. [14] at 1. Prior to receiving her Motion [14], on June 30, 2025, the Court

---

[1] Also attached to Plaintiff's Motion [14] is a letter from a prison employee stating that DCF was unable to electronically file Plaintiff's letter Motion [14] on July 15, instead it was electronically submitted to the Court on July 23, from a different prison. The Court has considered Plaintiff's Motion [14] as if it was filed on July 15, 2025.

received a letter [12] from the Superintendent of DCF stating that Plaintiff's legal mail arrived at DCF on June 18, 2025, causing Plaintiff to miss her June 16 deadline. A copy of the Court's Final Show Cause Order was attached to the Superintendent's letter.

II.     Discussion

The Court must liberally construe Plaintiff's filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed pro se is "to be liberally construed"). Plaintiff seeks reconsideration of the dismissal of this case and her motion was filed within 28 days of the Final Judgment. The Court therefore construes Plaintiff's Motion [14] as a Motion to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). Reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

According to the Plaintiff, she arrived at DCF on June 1 or June 15, 2025. As stated above, on January 21, 2025, the Clerk of Court sent Plaintiff a Notice of Assignment [1-2] informing Plaintiff that it is her responsibility to keep the Court informed of her current address and explaining in detail how to file a change of address with the Court. The Notice and every subsequent Order warned Plaintiff that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case. The

4

original Order [7] addressing Plaintiff's failure to pay the filing fee or file a motion for leave to proceed IFP was filed on March 26, 2025. The first Order to Show Cause [8] was filed on May 9, 2025, and directed Plaintiff to comply by May 23, 2025. Both of these Orders were entered and mailed to Plaintiff at CMCF while she was housed at CMCF. Plaintiff attempts to explain her failure to respond to the Final Show Cause Order based on her move to DCF but provides no explanation for her failure to comply with the March and May Orders or her failure to change her address with the Court until 2 to 2.5 months after she was moved to DCF. Furthermore, Plaintiff has yet to comply with the Court's prior Orders because she has not paid the filing fee or filed a motion for leave to proceed IFP. Lastly, this case was dismissed without prejudice, so the Court finds no prejudice to Plaintiff in denying the motion to reopen this case.

Plaintiff seeks reconsideration of the Court's decision but fails to establish manifest error or present newly discovered evidence. Nor has an intervening change in the controlling law occurred. Plaintiff therefore fails to satisfy the requirements for obtaining relief under Rule 59(e).

III.   Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Plaintiff's motion for reconsideration under Rule 59(e), is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration and to Reopen [14] construed as a Motion to Alter or Amend a Judgment under Rule 59(e) is **DENIED**.

**SO ORDERED**, this the 14th day of   October  , 2025.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE